**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | :    Case No. 23-CR-292-06 (CRC) |
| **v.** | : |
| | : |
| **MALIK TERRELL,** | : |
| | : |
| **Defendant.** | : |

### STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA

I.    Summary of the Plea Agreement

The defendant, Malik Terrell, agrees to admit guilt and enter a plea of guilty to Count Two of the Second Superseding Indictment [ECF No. 103], charging him with: Kidnapping and Aiding and Abetting, in violation of 18 U.S.C. §§ 1201(a)(1) and 2.

II.    Elements of the Offense

**Count Two** of the Second Superseding Indictment charges Kidnapping and Aiding and Abetting, in violation of 18 U.S.C. §§ 1201(a)(1) and 2. The essential elements of the offense are:

1. The defendant unlawfully and willfully seized, confined, inveigled, decoyed, kidnapped, abducted, or carried away Victim-1 and Victim-2;
2. The defendant held Victim-1 and Vicitm-2 for ransom, reward, or other benefit or reason;
3. The defendant voluntarily and intentionally transported Victim-1 and Vicitm-2 while he was seized, confined, or kept;
4. The transportation was in interstate commerce.

"Interstate commerce" means commerce or travel between one state and another state.

III.    Penalties for the Offenses

The penalties for Count Two, Kidnapping and Aiding and Abetting, in violation of 18

U.S.C. §§ 1201(a)(1), are as follows:

1. A maximum term of imprisonment of life imprisonment;
2. A fine not to exceed $250,000, or twice the pecuniary gain or loss of the offense;
3. Mandatory restitution;
4. A term of supervised release of not more than 5 years; and
5. A special assessment of $100.

The United States Sentencing Guideline § 5E1.2 permits the Court to impose an additional fine to pay the costs of imprisonment and any term of supervised release and/or probation.

IV.     Brief Statement of the Facts

Had this case gone to trial, the United States' evidence would prove the following beyond a reasonable doubt:

1. On June 8, 2023, at approximately 11:44 pm, the defendant, Malik Terrell, the "defendant"), DeAngelo Beale (hereafter, "Victim-1"), L.H. (hereafter, "Victim-2"), and co-conspirators departed the area of the 4400 block of F Street SE, Washington, D.C. At approximately 12:09 pm, they arrived at the Saint Yves nightclub, located at 1220 Connecticut Avenue NW, Washington, D.C. for a birthday celebration.

2. The ~~defendant and~~ co-conspirators returned from the nightclub to the 4400 block of F Street SE around 2:21 am on June 9, 2023. Victims-1 and -2 had not yet returned to the area.

3. The victims [and the defendant] returned to the 4400 block of F Street SE at approximately 3:03 a.m.

4. At 3:43 am, the kidnapping of Victim-1 and Vicitm-2 began for the purpose of stealing Victim-1's clothing, money, vehicle, and other belongings. While Victim-1 occupied the driver's side of his Mercedes SUV, another individual lunged towards Victim-1 from the driver's-side doorway as the co-conspirators pushed forward to assist in confining Victim-1.

5.   The co-conspirators enclosed Victim-1 from the driver's-side doorway, restricted Victim-1's movements, and commenced removing Victim-1's clothing from his body.

6.   Around 3:45:30 am, co-conspirators ripped Victim-1 from the driver's seat of the Mercedes SUV. The defendant assisted in preventing Victim-1 and Vicitm-2 from fleeing, for the purpose of stealing the victims property. [handwritten: "ad", "for the ACTT M.T"]

7.   The co-conspirators entered Victim-1's Mercedes SUV and fled, carrying Victims-1 and -2 away from the scene. The defendant and three co-conspirators ran into a nearby white Nissan Altima and fled the scene.

8.   The defendant and co-conspirators transported Victim-1 and Victim-2 to a nearby area, where Victims-1 and -2 were threatened and assaulted, including at gunpoint, resulting in injuries to both victims that involved extreme physical pain and required hospitalization.

9.   The co-conspirators then transported Victim-1 across state lines from the District of Columbia, where the kidnapping continued, to Maryland. At approximately 4:39 a.m., the Mercedes SUV and Nissan Altima entered an apartment complex located at 5200 Belgreen Street, Suitland, Maryland, where Victim-1 maintained an apartment ("Residence-1"). Surveillance shows at least four co-conspirators exiting both vehicles and advancing towards Residence-1, which they ultimately burgled.

10.   At approximately 5:39 am, the Mercedes SUV arrived at another residence linked to Victim-1 in Waldorf, Maryland ("Residence-2"). Surveillance and other evidence show that four co-conspirators exited the Mercedes SUV at various times to aid in commission of an armed robbery of Residence-2 and the occupant therein. At the time, some of the co-conspirators restrained Victim-1 in his Mercedes SUV in the parking lot outside. At approximately 5:43 am, surveillance footage shows individuals engaging in a shootout with Victim-1, resulting in Victim-1 and another individual getting struck by gunfire. Both were ultimately pronounced dead.

11.     Around 6:45 a.m., the Nissan Altima was captured on surveillance at the intersection of Kayak Avenue and Emo Street in Capitol Heights, Maryland. Soon thereafter, first responders arrived at 819 Kayak Street, where they found Victim-1's Mercedes SUV engulfed in flames.

12.     This proffer of evidence is not intended to constitute a complete statement of all facts known by the parties but is a minimum statement of facts intended to provide the necessary factual predicate for the guilty plea. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for the defendant's plea of guilty to the charged crimes.

13.     The defendant agrees that he personally has read, or had read to him, the Second Superseding Indictment, including the allegations and charges against both him and his co-defendants in the Indictment. The defendant agrees that he does not have information to dispute or disprove the allegations and charges against his co-defendants in any way.

14. This Statement of the Offense fairly and accurately summarizes and describes some of the defendant's actions and involvement in the offenses to which he is pleading guilty.

Respectfully Submitted,

Jeanine Farris Pirro
United States Attorney

_____
John Crabb Jr.
N.Y. Bar No. 2367670
Anthony Scarpelli
D.C. Bar No. 474711
601 D Street, N.W.
Washington, D.C. 20530
john.d.crabb@usdoj.gov
Anthony.scarpelli@usdoj.gov
(202) 252-1794 (Crabb)
(202) 252-7707 (Scarpelli)

## DEFENDANT'S ACKNOWLEDGMENT

I have read the Statement of Offense setting forth the facts related to my guilty plea to one count of Kidnapping and Aiding and Abetting, in violation of 18 U.S.C. §§ 1201(a)(1) and 2. I have discussed this proffer fully with my attorney, Alvin Thomas, Esq. I fully understand this proffer and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: 2-5-26

                                        Malik Terrell
                                        Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting the Government's proffer of evidence related to my client's guilty plea to one count of Kidnapping and Aiding and Abetting, in violation of 18 U.S.C. §§ 1201(a)(1) and 2. I have reviewed the entire proffer with my client and have discussed it with him fully. I concur in my client's agreement with and acceptance of this proffer.

Date: 2-5-26                                      _____
                                                                              Alvin Thomas, Esq.
                                                                              Attorney for Defendant